[Civ. No. 14520. Second Dist., Div. Two. Dec. 4, 1944.]

I. M. WARD, Appellant, v. AUCTIONEERS ASSOCIATION OF SOUTHERN CALIFORNIA (a Corporation) et al., Respondents.

Bertram H. Ross for Appellant.

Robert W. Kenny, Attorney General, and Max Radin as Amici Curiae on behalf of Appellant.

Charles J. Katz and Samuel W. Blum for Respondents.

WOOD (W. J.), J.—The nature of this action is indicated from the title given by plaintiff, ''Complaint for Damages For Unlawful Monopoly under the Cartwright Act $100,000.'' Plaintiff has appealed from a judgment in favor of defendants after their demurrer to the amended complaint was sustained without leave to amend.

In his amended complaint plaintiff named as defendants Auctioneer Association of Southern California, a corporation, an association bearing the same name as the corporation, and the individual members of the association. He alleged that plaintiff was a licensed auctioneer; that plaintiff and defendants were engaged in the business of conducting auction sales, and that defendants owned and controlled 98 per cent of the auction business; that prior to March 15, 1943, the auction business was open and competitive and that plaintiff and defendants had free access to advise the public that they were engaged in the auction business and of the times and places of sales and merchandise to be sold; that beginning March 15, 1943, defendants conspired, confederated and combined to carry out restrictions in said trade, business and commerce, and in furtherance thereof formed Auctioneers Association of Southern California and excluded plaintiff therefrom; that for many years prior to the formation of the association all auctioneers had used as their method of advising the public of auction sales to be conducted by them and for soliciting auction business, the auction pages of the Sunday editions of the Los Angeles Times and the Los Angeles Examiner, and that prior to March 15, 1943, these newspapers had printed all auction advertising on the same pages; that in furtherance of the conspiracy defendants obtained agreements from the publishers to reserve all advertising space on said pages to the members of the association and that the newspapers thereafter refused to accept or print any adver-

tising of plaintiff on the pages referred to, although plaintiff had written contracts with the papers to do so. Plaintiff further alleged that the acts and conduct of defendants prevented competition in the auction business and that as a result he was damaged, for which he seeks a money judgment.

The Cartwright Act, which was enacted in 1907, is now a part of the Business and Profession Code and is to be found in the sections beginning with section 16700. Plaintiff asserts that the facts alleged in his complaint constitute a violation of section 16720 of the code. This section provides in part: "A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes: (a) to create or carry out restrictions in trade or commerce." Subdivision "a" is followed by a number of other subdivisions containing statements of other purposes, all of which are declared to be illegal by the act.

Sections 16723 and 16724 of the Business and Professions Code are as follows: (16723) "No agreement, combination or association is unlawful or within the provisions of this chapter, the object and purpose of which are to conduct operations at a reasonable profit or to market at a reasonable profit those products which cannot otherwise be so marketed. (16724) It is not unlawful, or within the provisions of this chapter, for persons engaged in the business of selling or manufacturing commodities of a similar or like character, to employ, form, organize or own any interest in any association, firm or corporation which has as its object or purpose the transportation, marketing or delivery of such commodity."

In sustaining the demurrer the trial court properly held that the Cartwright Act is so vague and uncertain in its description of what constitutes violations of the act that it is invalid under the Fourteenth Amendment to the Constitution of the United States. In *Cline* v. *Frink Dairy Co.*, 274 U.S. 445 [47 S.Ct. 681, 71 L.Ed. 1146], the court reviewed the Colorado Anti-trust Statute, which is almost identical with the Cartwright Act of California. The Supreme Court of California, in the matter of *In re Battelle*, 207 Cal. 227, 251 [277 P. 725, 65 A.L.R. 1497], referred to the Colorado Anti-trust Statute as "a replica of the Cartwright Act." The Colorado statute, like the California statute, prohibits combinations of persons for the purpose of doing a number of listed acts similar to those prohibited by section 16720 of the

Business and Professions Code. The Colorado statute contains this provision: "And all such combinations are hereby declared to be against public policy, unlawful and void; provided that no agreement or association shall be deemed to be unlawful or within the provisions of this act, the object and purposes of which are to conduct operations at a reasonable profit or to market at reasonable profit those products which cannot otherwise be so marketed; provided further that it shall not be deemed to be unlawful, or within the provisions of this act, for persons, firms or corporations engaged in the business of selling or manufacturing commodities of a similar or like character to employ, form, organize or own an interest in any association, firm or corporation having as its object or purpose the transportation, marketing or delivering of such commodities; . . ." Both the Colorado statute and the California statute contain provisions making violations criminal offenses.

In adjudging the Colorado statute unconstitutional in the case referred to, the Supreme Court of the United States held that the exception in the statute (almost identical with sections 16723 and 16724) "leaves the whole statute without a fixed standard of guilt in an adjudication affecting the liberty of the one accused." The court held that the principle of due process of law requiring reasonable certainty of description in fixing a standard for exacting obedience has application in civil as well as in criminal legislation. In concluding its opinion the court stated: "When to a decision whether a certain amount of profit in a complicated business is reasonable is added that of determining whether detailed restriction of particular anti-trust legislation will prevent a reasonable profit in the case of a given commodity, we have an utterly impracticable standard for a jury's decision. A legislature must fix the standard more simply and more definitely before a person must conform or a jury can act. We conclude that the Anti-trust Statute of Colorado is void in that those who are prosecuted and convicted under it will be denied due process of law."

The decision in *Cline* v. *Frink, supra,* is controlling and on the authority of that decision it must be held that the Cartwright Act is unconstitutional. Plaintiff contends, however, that his action comes within the provisions of section 16720 and that sections 16723 and 16724 are separate and independent of section 16720. We find no merit in this contention.

Sections 16723 and 16724 unquestionably refer to all the subdivisions of section 16720. By their enactment the Legislature attempted to limit the various subdivisions of section 16720 but in doing so made the limitations so indefinite that no standard was left in the statute by which a court can determine the guilt or innocence of those accused of its violations. Section 16720 is not independent of or severable from the other two sections.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 1, 1945. Carter, J., voted for a hearing.